JENNIE M. SCHMIDT, *Plaintiff*, v. JAMES M. NATION, *as Auditor, etc., et al., Defendants.*

No. 17,104.

SYLLABUS BY THE COURT.

1. SCHOOL LAND—*Assignment of Certificate of Purchase—Improvements—Patent.* Where a purchaser of school land sells his right to the land and the improvements to another, and assigns his certificate and gives possession to such other, the assignee becomes the owner of the improvements; and when he has completed the purchase under the certificate by full payment of the purchase price he is entitled to a patent.

2. —— *Improvements—Ownership.* In such a case the state does not become the owner of the improvements, and a sale of the land for the appraised value thereof separate from the improvements is proper.

3. —— *Patent—Duty of State Auditor.* In such a case the assignee of the certificate, who has paid the state the purchase price of the land in full, is entitled to a patent, and it is the duty of the state auditor upon demand to make the proper certificate for such patent.

Original proceeding in mandamus. Opinion filed June 11, 1910. Writ allowed.

*Lee Monroe, W. S. Roark,* and *George A. Kline,* for the plaintiff.

*Fred S. Jackson,* attorney-general, *John Marshall,* assistant attorney-general, and *Charles D. Shukers,* special assistant attorney-general, for the defendants.

The opinion of the court was delivered by

GRAVES, J.: This is an original action in this court by Mrs. Jennie M. Schmidt to obtain a writ of mandamus compelling the state auditor to make the proper indorsements upon a certificate of sale of school land to enable her to obtain a patent to the land. It appears that the land in controversy consists of 320 acres and is situated in Gove county. One quarter section was settled upon by Judson J. Bigbee, in 1887,

and the other by Elma L. Stansbury, in 1899. They resided upon and improved the land until July, 1901, when they sold their improvements and rights as settlers to one John Rundberg, who assigned the certificates to the petitioner, Jennie M. Schmidt.

After the purchase by Rundberg the land, upon the application of twenty householders, was offered for sale, and was purchased by Rundberg for $3 an acre. The land and improvements were appraised separately —the land at $3 an acre, the improvements upon one tract at $370, and those upon the other at $169.50. As Rundberg had purchased the improvements from the owners, certificates of purchase were issued to him for the appraised value of the land alone. After the plaintiff came into possession of the land she paid for one of the tracts in full, but when the certificate, with final payment indorsed thereon, was sent to the state auditor he refused to certify it for a patent, upon the ground that the state was entitled to the value of the improvements upon that tract, amounting to $169.50. The plaintiff also made a tender of the full purchase price of the other tract to the county treasurer of Gove county, which was refused on account of the action of the auditor as to the tract for which payment had been made.

The improvements were originally the property of the settlers who made them. The state had no interest in such improvements, and claimed none. While these improvements were in the possession and ownership of the settlers who made them, a *bona fide* sale thereof was made to Rundberg; thereafter they were his property. He sold them to the plaintiff. No steps have been taken by the state to cause the improvements to be forfeited or confiscated to the state's use or benefit. We have not been cited to any statutory provision which provides for such a forfeiture. The only policy adopted by the state in relation to the disposition of improvements upon school land where the land is trans-

ferred by assignment of the certificate of purchase is indicated by the provisions of the statute existing upon this subject when the rights now under consideration accrued. In a case where a purchaser by reason of failure to comply with his contract forfeits his right to purchase the land, the improvements naturally revert to the state as a part of the land. Where a settler erects improvements and afterward becomes a purchaser of the land, the state expressly relinquishes to him whatever right it may be supposed to have to the improvements as an encouragement to permanent occupancy. (Laws 1876, ch. 122, art. 14, § 6; Gen. Stat. 1901, § 6346.) Where the purchaser has no right to the improvements, the state requires him to pay for them. (Gen. Stat. 1901, § 6346.) If the improvements were owned by the settler or other person and do not pass to a subsequent purchaser under the provisions of the statute, then if the improvements have been appraised separately their value belongs to the owner thereof. (Laws 1876, ch. 122, art. 14, § 20; Gen. Stat. 1901, § 6360.) But in the case here presented the purchaser has already paid the owner for the improvements. She stands in this respect in the same attitude as if she were the original settler and had made the improvements. It would be an unusual proceeding at least for the state to require this settler to purchase her own improvements as a prerequisite to perfecting her title to the land, the purchase price of which has been fully paid. This is not in harmony with the liberal policy practiced by the state in the disposal of its school land. The state has never manifested, either in the statutory procedure for the disposal of school land or in the practice thereunder, a disposition to extort property from settlers in this manner. If it were intended to be any part of the plan for the disposal of these lands to make the sale of improvements a material feature, some provision would probably have been made by which the title to the land and the

improvements could be kept separate, so purchasers could know, when they were buying school land, who owned the improvements.

The plaintiff purchased the land from the owner in good faith and upon the reasonable belief that he had a good right to convey both the land and the improvements. He had a certificate of purchase issued by the state, and now, after the plaintiff has paid to the state all that it is entitled to under the contract evidenced by this certificate, and has received a final receipt for full payment for the land, to compel her to pay again for that which she has already bought seems like an act of injustice and extortion. No statute should be held to provide for or justify such a transaction unless its language is so clear and unequivocal as to render a different interpretation unreasonable. Our attention has not been called to any statute that can by reasonable interpretation be said to convey such a meaning.

We think the plaintiff is entitled to her patent without paying for the improvements again, and the auditor should make the necessary certificate to enable her to obtain the patent. The writ is therefore allowed as prayed for.